UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 22-81052-CIV-COHN/HUNT
(93-08078-CR-COHN)

NOEL C. ALVARADO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before this Court on Movant Noel Alvarado's Amended Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, ECF No.4. The Honorable James I. Cohn previously referred this case to the undersigned United States Magistrate Judge to hold an evidentiary hearing on Claim 1.1 of the Amended Motion and for a report and recommendation regarding disposition of said Amended Motion. ECF Nos. 13, 28; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Amended Motion, the Government's Response, ECF No. 6, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Movant's motion be DENIED.

**I. Background**

On July 29, 1993, Movant was charged by Indictment with possession with intent to distribute cocaine (Count 1), possession with intent to distribute marijuana (Count 2), possession of a firearm during a drug trafficking crime (Count 3), and possession of a

firearm by a convicted felon (Count 4). CR-ECF No. 1.[1] Movant pled guilty to these offenses and received a total sentence of 330 months. CR-ECF No. 48. On appeal, the Eleventh Circuit affirmed Movant's conviction on Counts 1, 2, and 4, but vacated his conviction on Count 3 and reversed and remanded for resentencing. *See United States v. Alvarado*, 122 F.3d 1077 (11th Cir. 1997) (Table), *cert. denied*, 525 U.S. 828 (1998). On remand, the Court imposed a new sentence of 270 months followed by ten years of supervised release. CR-ECF No. 63. Movant was released from incarceration on March 11, 2013, and began to serve his ten-year term of supervised release at that time. *See* CR-ECF No. 180 at 1.

On December 8, 2021, the United States Probation Office alleged that Movant violated the terms of his supervised release by committing new violations of state law. CR-ECF No. 192 at 2. Movant was specifically accused of being charged in Broward County, Florida, with the offenses of unlicensed contracting (Violation 1) and of grand theft (Violation 2). *Id.* A revocation hearing was held on April 5, 2022. CR-ECF No. 210. Movant agreed to admit to both of the violations. *See* ECF No. 38-1 at 2. During his colloquy with the Court, Movant swore that he was admitting to the violations of his own free will and that he understood that the Court could "impose a sentence of up to five years in prison, followed by a term of supervised release of up to five years, minus any term of imprisonment imposed upon revocation." *Id.* at 5. The Court found that Movant had violated the terms of his supervised release and imposed a new sentence of twelve

---

[1] Given the age of Movant's criminal conviction, much of Movant's procedural history has been reconstructed from Magistrate Judge Patrick A. White's November 23, 2011 Report and Recommendation in an earlier-filed § 2255 action. *See* Report and Recommendation, *Alvarado v. United States*, No. 11-80303-CIV-GOLD (S.D. Fla. Nov. 23, 2011), ECF No. 15.

months and one day in prison followed by three years of supervised release. CR-ECF No. 211 at 1–3. The Court also ordered Movant to pay $20,000.00 in restitution to the victim of the violations. *See id.* at 6.

On September 6, 2022,[2] Movant timely filed the instant Amended Motion to Vacate, asserting six total claims:

1. Counsel was ineffective for failing to appeal the Court's supervised release judgment (Claim 1.1).

2. Counsel was ineffective for "inducing" Movant into entering a "plea of guilty" which caused Movant to receive a sentence above the statutory maximum (Claim 1.2).

3. Counsel was ineffective for allowing the Court to impose $20,000.00 in restitution (Claim 1.3).

4. The Court erred in imposing a sentence that went beyond the statutory maximum (Claim 2.1).

5. The Court violated Movant's due process rights by failing to sentence him under the First Step Act (Claim 2.2).

6. The Court erred when it ordered Movant to pay $20,000.00 in restitution (Claim 2.3).

**II. Legal Standard**

A federal prisoner claiming that his or her sentence is unlawful may move the court that imposed the sentence to vacate, set aside, or correct it. 28 U.S.C. § 2255(a). But

---

[2] Since Movant is a *pro se* prisoner, his Motion to Vacate "is deemed filed on the date it is delivered to prison officials for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. *See United States v. Frady*, 456 U.S. 152, 165 (1982). A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations and quotations omitted). The "miscarriage of justice" exception requires a showing that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Before determining whether a claim is cognizable, a district court must find that a § 2255 movant has asserted all available claims on direct appeal. *See Lynn*, 365 F.3d at 1232 (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). Second, a district court must consider whether the type of relief the movant seeks is appropriate under § 2255. *Id.* at 1232-33 (citations omitted).

If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). To obtain this relief on collateral review, a movant must "clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. at 166.

Under § 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Allen v. Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010) (quoting *Schriro*, 550 U.S. at 474).

**III. Analysis**

A. Notice of Appeal Issue (Claim 1.1)

In Claim 1.1 of the Amended Motion, Movant alleged that his defense attorney was ineffective "for not filing a direct appeal within fourteen (14) days as ordered by Mr. Alvarado." ECF No. 4 at 5. The Court held an evidentiary hearing on this claim. *See* ECF No. 39. However, during the hearing, Movant's counsel conceded that Claim 1.1 lacked a factual basis and moved to voluntarily dismiss the claim. Since Movant conceded that Claim 1.1 lacks merit, the undersigned respectfully recommends that Claim 1.1 of the Amended Motion be DENIED.

B. Sentencing Issues (Claims 2.1, 2.2)

Claims 2.1 and 2.2 of the Amended Motion concern the legality of the sentence Movant received after admitting to his supervised release violations. Movant alleges that the Court erred by imposing a new term of supervised release after Movant had already served the ten-year statutory maximum for supervised release on his underlying offense and by failing to consider the First Step Act and Fair Sentencing Act during Movant's

5

sentencing. *See* ECF No. 4 at 6.

Section 2255 does not provide a defendant with "a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). Instead, a district court can only correct a sentencing error if it constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). The Eleventh Circuit has identified only three instances where a sentence constitutes a "complete miscarriage of justice": (1) the sentence is above the statutory maximum; (2) the defendant is "actually innocent" of the charge; or (3) a prior conviction used to enhance the defendant's sentence has been vacated. *Lopez v. United States*, No. 23-20883-CIV-ALTMAN, 2023 WL 4186414, at *4 (S.D. Fla. June 26, 2023) (quoting *Spencer*, 773 F.3d at 1138–39).

As to Claim 2.1, the Court did not impose a sentence above the statutory maximum, so Movant is not entitled to relief under § 2255. Movant appears to argue that he should be given credit for the nearly ten years of supervised release he served prior to revocation and that his new term of supervised release (when combined with his previous term of supervised release) exceeds the ten-year statutory maximum. *See* ECF No. 4 at 6. The supervised release statute, 18 U.S.C. § 3583, does not provide Movant with any credit "for time previously served on supervised release." *United States v. Pla*, 345 F.3d 1312, 1314 (11th Cir. 2003). Put another way, "the aggregate of pre-revocation and post-revocation supervised release terms may exceed the maximum length of supervised release that § 3583(b) dictates should attach to the underlying offense." *United States v. Gresham*, 325 F.3d 1262, 1268 (11th Cir. 2003). Here, Movant received a prison sentence of twelve months and one day followed by three years of supervised

6

release. *See* CR-ECF No. 211 at 1–3. That total sentence is less than the five-year maximum penalty for Class A felonies. *See* 18 U.S.C. § 3583(b)(1). Since the aggregate length of Movant's new prison term and supervised release term did not exceed five years, Movant's sentence does not exceed the statutory maximum. *See Pla*, 345 F.3d at 1314–15.

As to Claim 2.2, Movant fails to allege a sentencing error that is redressable under § 2255. Although Movant claims that the Court should have sentenced him "pursuant to the First Step Act and Fair Sentencing Act," he does not specifically identify any error the Court made or how it adversely affected his sentence. ECF No. 4 at 6. Vague and conclusory claims are not cognizable under § 2255. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *see also Rosales-Diaz v. United States*, 805 F. App'x 660, 665 (11th Cir. 2020) ("As a § 2255 movant, Rosales-Diaz bears the burden of proving his claims."). Moreover, Claim 2.2 concerns only a "garden-variety" sentencing error, so—even if Movant had sufficiently pled this claim—it cannot be corrected on collateral review. *See Spencer*, 773 F.3d at 1339–40. For these reasons, the undersigned respectfully recommends that Claims 2.1 and 2.2 of the Amended Motion be DENIED.

C. <u>Ineffective Assistance of Counsel Issue (Claim 1.2)</u>

In Claim 1.2, Movant contends that counsel was ineffective for "inducing" Movant into admitting to the violations and for failing to object to the sentence imposed by the Court. To prevail on an ineffective-assistance-of-counsel claim, Movant must show: (1) that counsel's performance was deficient, and (2) a reasonable probability that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Since Movant admitted to the violations, he will not be able to show

prejudice unless, but for counsel's failures, he would not have admitted to the violations and would have instead insisted on a contested violation hearing. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1984).

Movant's ineffective assistance of counsel claim fails for two reasons. First, as discussed above, Movant's sentence was not illegal and did not exceed the statutory maximum. Counsel could not have been ineffective for failing to make a meritless objection. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Second, the record reflects that Movant was not "induced" into admitting the violations. Movant swore under oath that he had discussed the violations with his defense counsel and that no one (including counsel) forced, coerced, or threatened Movant into admitting to the violations against his will. *See* ECF No. 38-1 at 4–5. Movant cannot go back on the sworn representations he made during the revocation hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that statements made during the colloquy are true."). The undersigned respectfully recommends that Claim 1.2 of the Amended Motion be DENIED.

D. Restitution Issues (Claims 1.3, 2.3)

Movant's final two claims concern restitution. Movant alleges in Claim 1.3 that counsel was ineffective for failing to object to the amount of restitution and then argues in Claim 2.3 that the Court erred in imposing restitution. *See* ECF No. 4 at 5–6. Although Movant does not explain how and why the restitution portion of the judgment is erroneous, this lack of detail is immaterial because Movant "cannot utilize § 2255 to challenge his restitution." *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009). Ineffective

8

assistance of counsel claims based on a failure to challenge restitution are also barred under § 2255. *See Blaik v. United States*, 161 F.3d 1341, 1342–43 (11th Cir. 1998); *see also Tarabein v. United States*, No. 21-00189-KD-B, 2021 WL 5167294, at *6 (S.D. Ala. Nov. 5, 2021) (citing cases). Accordingly, the undersigned respectfully recommends that Claims 1.3 and 2.3 of the Amended Motion be DENIED.

### IV. Recommendation

Based upon the foregoing, the undersigned hereby RECOMMENDS that Movant's Amended § 2255 Motion, ECF No. 4, be DENIED. The undersigned further RECOMMENDS that pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant be DENIED a certificate of appealability because he has failed to make a substantial showing that he was denied a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 29th day of April 2024.

Copies furnished to:

Counsel of record via CM/ECF

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**