UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81052-CIV-COHN
(CASE NO. 93-08078-CR-COHN)

NOEL C. ALVARADO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 40] ("Report") submitted by United States Magistrate Judge Patrick M. Hunt regarding Movant Noel Alvarado's Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [DE 4] ("Motion"). The Court has reviewed the Motion, the Report, and the record in this case, and is otherwise advised in the premises.  The Court notes that Movant did not file objections to the Report, and the deadline for doing so has passed. Upon careful consideration, the Court will adopt the Report in its entirety and deny the Motion on the merits.

Following a final revocation of supervised release hearing on April 5, 2022, the Court revoked Movant's supervised release and sentenced him to 12 months and 1 day imprisonment, followed by 3 years of supervised release.  Given the nature of the violations, Movant was also ordered to pay $20,000 in restitution.  DE Cr-210; DE Cr-211.  On September 6, 2022, Movant timely filed the instant § 2255 Motion.  DE 4.  In the Motion, Movant asserts six claims: 1) Counsel was ineffective for failing to appeal

the Court's supervised release judgment (Claim 1.1); 2) Counsel was ineffective for "inducing" Movant into entering a "plea of guilty" which caused Movant to receive a sentence above the statutory maximum (Claim 1.2); 3) Counsel was ineffective for allowing the Court to impose $20,000.00 in restitution (Claim 1.3); 4) the Court erred in imposing a sentence that went beyond the statutory maximum (Claim 2.1); 5) the Court violated Movant's due process rights by failing to sentence him under the First Step Act (Claim 2.2); and 6) the Court erred when it ordered Movant to pay $20,000.00 in restitution (Claim 2.3).

In his thorough and well-reasoned Report, Judge Hunt concludes that all claims are without merit and recommends the Motion be denied in its entirety. DE 40 at 9. As to Claim 1.1, Movant conceded at the February 21, 2024 evidentiary hearing that the claim lacked merit and moved to voluntarily dismiss same. DE 39. Regarding Claims 2.1 and 2.2, the Court did not impose a sentence over the statutory maximum and Movant fails identify any potential sentencing error that is redressable under § 2255. As for Claim 1.2, no evidence suggests that Movant was "induced" into admitting the violations. Rather, he swore under oath that he had discussed the violations with his defense counsel and that no one (including counsel) forced, coerced, or threatened him. Lastly, concerning Claims 1.3 and 2.3, Judge Hunt correctly notes that Movant cannot utilize a § 2255 motion to challenge restitution ordered. The Court agrees with Judge Hunt's analysis and conclusions and adopts the Report in full.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [DE 40] is **ADOPTED** in its entirety.

2. The Amended Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [DE 4] is **DENIED**.

3. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealability because Movant has failed to make a substantial showing that he was denied a constitutional right. The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit;

4. The Clerk of Court is directed to **CLOSE this case and DENY as moot** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of May, 2024.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF
and to pro se parties via U.S. mail to address on file